**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MARINA WEIS,<br><br>            Plaintiff,<br><br>vs.<br><br>DAVOL INC. and C.R. BARD, INC.,<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

FILED: APRIL 17, 2008
  08CV 2240     NF
JUDGE CONLON
MAGISTRATE JUDGE SCHENKIER

Case No.:

**DEFENDANT DAVOL INC.'S AND DEFENDANT C.R. BARD, INC.'S**
**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Davol Inc. ("Davol") and Defendant C.R. Bard, Inc. ("Bard") , with full reservation of any and all defenses, objections, and exceptions, including but not limited to objections to service, venue, and statute of limitations, hereby remove the above-captioned action from the Circuit Court of Cook County, Illinois, to this Court.  In support of removal, Defendants state as follows:

**I.  THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED**

1.      This action involves allegations regarding the Composix® Kugel® Hernia Patch, a FDA-approved medical device used in the repair of soft tissue defects, such as hernias.  In this and hundreds of lawsuits filed throughout the United States, plaintiffs allege that the Composix® Kugel® Hernia Patch was defective and unreasonably dangerous when put to its intended use.  In 2006, two federal court plaintiffs with similar claims filed a motion before the Judicial Panel on Multidistrict Litigation ("JPML") seeking transfer and centralization of all federal cases involving this medical device pursuant to 28 U.S.C. § 1407.  On June 22, 2007, the JPML

granted the plaintiffs' motion for transfer and consolidation. *See In re Kugel Mesh Hernia Patch Prods. Liab. Litig.*, 493 F. Supp. 2d 1371 (J.P.M.L. 2007). As a result, all federal cases concerning the Composix® Kugel® Patch have been transferred or are in the process of being transferred to the District of Rhode Island for consolidated pretrial proceedings styled as *In re: KUGEL MESH HERNIA PATCH PRODUCTS LIABILITY LITIGATION*, No. 1:07-MDL-1842-ML (D.R.I.) (J. Lisi). With Defendants' removal, the present action can and should become part of those MDL proceedings shortly.

2.      Plaintiff commenced this action with her Complaint ("Complaint") filed in the Circuit Court of Cook County, Illinois, on or about March 17, 2008. Davol was served on or about March 24, 2008. Bard has yet been served but joins expressly in this Notice of Removal.

3.      As required by 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendants (including Plaintiff's Complaint) is attached hereto as Exhibit A.

4.      This Notice of Removal is properly directed to this Court pursuant to 28 U.S.C. § 1446(a), as it is the District Court embracing the Circuit Court of Cook County, Illinois, where Plaintiff's Complaint is pending. *See* 28 U.S.C. § 93(a)(1).

5.      This Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is being filed within 30 days after the first receipt by Defendants, through service, of Plaintiff's Complaint, which sets forth the bases for removal.

6.      Pursuant to 28 U.S.C. § 1446(d), Defendants are filing a written notice of this removal with the clerk of the Circuit Court of Cook County, Illinois, where Plaintiff's Complaint is pending. See Exhibit B. Copies of this Notice of Removal and the written notice of same provided to the state court are also being served upon Plaintiff's counsel in accordance with 28 U.S.C. § 1446(d).

## II.  THIS COURT HAS DIVERSITY JURISDICTION

7.    As will be shown more fully below, this Court has original jurisdiction over this action

pursuant to 28 U.S.C. § 1332(a) because the amount in controversy, exclusive of interest and

costs, exceeds the sum of $75,000, and there is complete diversity of citizenship between

Plaintiff and Bard and Davol.  Thus, this action may be removed to this Court pursuant to 28

U.S.C. § 1441.

### A.  The Amount-In-Controversy Requirement Is Satisfied

8.    Although Defendants deny Plaintiff's claims, and although Plaintiff seeks an unspecified

amount in damages "in excess of $50,000 (*see*, *e.g*., Compl. at "Prayer"), Defendants believe in

good faith that more than $75,000 is in controversy, and therefore the amount-in-controversy

requirement of 28 U.S.C. § 1332(a) has been met.

9.    Plaintiff's counsel stipulates that Plaintiff is seeking damages in excess of $75,000.00.

See Exhibit C.

10.    Plaintiff's claims against Defendants sound in product liability and seek recovery for

injuries allegedly caused by a defective medical device, a Composix® Kugel® hernia repair

patch, that was manufactured and sold by Defendants and used in Plaintiff's hernia repair.  (*See*

Compl. ¶¶ 4-5, ¶ 9.)  Plaintiff alleges that after implantation of the Composix® Kugel® patch by

her doctors, she "continued to experience abdominal pain" and later had to have the Composix®

Kugel® Patch surgically removed.  (Compl. ¶¶ 21-24.)  Plaintiff further alleges that due to her

use of the Composix® Kugel® Patch and its alleged failure, she "has suffered and will continue to

suffer physical pain and mental anguish" and that she has incurred substantial medical

bills…[and] suffered loss of other monies."  (Compl. ¶¶ 27-28.)

11.    The amount-in-controversy requirement is met here, because the severity of the injuries alleged in Plaintiff's Complaint makes it "facially apparent that the claims are likely above" the requisite amount-in-controversy.  *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); *see also Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (citing *Allen v. R & H Oil & Gas Co.*, *supra*).    A common sense reading of the Complaint demonstrates that the injury alleged is significant, namely the alleged failure of an implanted medical device, resulting in failure of a hernia repair and necessitating surgical removal of the device.  *See McCoy v. General Motors Corp.*, 226 F.Supp.2d 939, 941-2 (N.D.Ill. 2002).

12.    In addition, a number of other plaintiffs have brought similar product liability actions against Davol and Bard in federal court, thus specifically pleading an amount-in-controversy in excess of $75,000.  *See*, *e.g.*, *Burge v. Davol Inc. and C.R. Bard, Inc.*, No. 1: 07-CV-06885 (N.D. Ill . filed Dec. 6, 2007) (seeking damages in excess of amount required by 28 U.S.C. § 1332) (Ex. B);  *Hauk v. Davol Inc. and C.R. Bard, Inc.*, No. 1:07-CV-1596 (S.D. Ind. filed Dec. 12, 2007) (same) (Ex. C);  *see also In re Rezulin*, 133 F. Supp. 2d at 295-96 (looking to other suits involving the same product to resolve amount-in-controversy inquiry).

13.    Further, federal courts in analogous cases have held that the amount-in-controversy threshold is met because, as here, "the complaint . . . does not preclude recovery in excess of $75,000."  *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001).

### B.  The Parties Are Completely Diverse

14.    Plaintiff is a resident and citizen of Illinois.  (*See* Compl. ¶ 1.); Exhibit C.

15.    Davol is, and has been at all relevant times, a corporation organized under the laws of the State of Delaware with its principal place of business in Rhode Island.

4

Bard is, and has been at all relevant times, a corporation organized under the laws of New Jersey with its principal place of business in New Jersey.

WHEREFORE, Defendant Davol Inc. and Defendant C.R. Bard, Inc. respectfully remove this action from the Circuit Court of Cook County, Illinois, to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.  Should any question arise as to the propriety of this removal, Defendants respectfully request an opportunity to provide briefing and oral argument.

Respectfully submitted,

Dated:  April 18  2008          SEGAL MCCAMBRIDGE SINGER & MAHONEY

BY:    /s/  Mark Crane_____
       Mark Crane
       SEGAL MCCAMBRIDGE SINGER & MAHONEY
       Sears Tower – Suite 5500
       233 South Wacker Drive
       Chicago, IL  60606
       312.645.7805 (direct)
       312.645.7711 (fax)

       *ATTORNEYS FOR DEFENDANT DAVOL INC.*
       *AND DEFENDANT C.R. BARD, INC.*

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on April 18, 2008, a copy of the foregoing Notice of Removal was electronically filed with the Court.  This document is available for viewing and downloading from the Court's ECF system.  A copy of this document was also served on plaintiff's counsel via regular mail.


                BY:   /s/ Misty R. Martin
                       Misty R. Martin

08CV2240 NF
JUDGE CONLON
MAGISTRATE JUDGE SCHENKIER
#07-173 EMR/RJR/cmb

2120 - Served          2121 – Served
2220 - Not Served      2221 - Not Served
2320 - Served By Mail  2321 - Served by Mail
2420 - Served by Publication  2421 - Served by Publication
SUMMONS          ALIAS - SUMMONS          (Rev.12/22/92) CCG-1

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

MARINA WEIS,                        )
                                    )   No.   2008L002957
            Plaintiff               )         CALENDAR/ROOM A
                                    )         TIME 00:00
    -vs-                            )         Product Liability
                                    )   Please serve defendant at:
DAVOL, INC. and C. R. BARD INC.     )
                                    )   DAVOL, INC.
                                    )   c/o Chief Executive or Authorized Agent
                                    )   100 Sockanossett Crosswoad
                                    )   Cranston, Rhode Island    02920
            Defendants.             )

## SUMMONS

To each defendant:

    YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file appearance, in the office of the Clerk of this Court (located in the Richard J. Daley Center, Room*    801    , Chicago, Illinois 60602) within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

To the officer:

    This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

WITNESS, _____ MAR 17 2008 __, 20 ____

Clerk of Court

(Richard J. Rosenblum)
Name RUBIN, MACHADO & ROSENBLUM, LTD.          Date of service: _____, 20 ___
Attorney for Plaintiff                          (To be inserted by officer on copy left with
Address 120 W. Madison St., Suite 400               defendant or other person)
City Chicago, IL  60602
Telephone (312) 327-1840
Atty. No. 37704
**Service by Facsimile Transmission will be accepted at (312) 327-1841   (Area Code) (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
*Law Division Room 801
Chancery-Divorce Room 802
County Division Room 801
Probate Division Room 1202

EXHIBIT
A



A TRUE COPY ATTEST

DEPUTY SHERIFF

| 2120 - Served | 2121 – Served | #07-173 EMR/RJR/cmb |
|---|---|---|
| 2220 - Not Served | 2221 – Not Served | |
| 2320 - Served By Mail | 2321 - Served by Mail | |
| 2420 - Served by Publication | 2421 - Served by Publication | |

SUMMONS          ALIAS - SUMMONS          (Rev.12/22/92) CCG-1

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

MARINA WEIS, )

    Plaintiff )   No.  2008L002957

   -vs- )   CALENDAR/ROOM A
)   TIME 00:00
)   Please serve defendant at: Product Liability

DAVOL, INC. and C. R. BARD INC. )   **DAVOL, INC.**
)   **c/o Chief Executive or Authorized Agent**
)   **100 Sockanossett Crosswoad**
)   **Cranston, Rhode Island 02920**

    Defendants. )

### SUMMONS

To each defendant:

  YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file appearance, in the office of the Clerk of this Court (located in the Richard J. Daley Center, Room*  801  , Chicago, Illinois 60602) within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

To the officer:

  This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

       WITNESS, _____, 20____

       _____
       Clerk of Court

(Richard J. Rosenblum)
Name RUBIN, MACHADO & ROSENBLUM, LTD.   Date of service:_____, 20____
Attorney for Plaintiff           (To be inserted by officer on copy left with
Address 120 W. Madison St., Suite 400       defendant or other person)
City Chicago, IL 60602
Telephone (312) 327-1840
Atty. No. 37704
**Service by Facsimile Transmission will be accepted at (312) 327-1841 (Area Code) (Facsimile Telephone Number)

   **DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
*Law Division Room 801
Chancery-Divorce Room 802
County Division Room 801
Probate Division Room 1202

2120 - Served        2121 - Served                                    #07-173 EMR/RJR/cmb
2220 - Not Served    2221 - Not Served
2320 - Served By Mail    2321 - Served by Mail
2420 - Served by Publication  2421 - Served by Publication
SUMMONS        ALIAS - SUMMONS      (Rev.12/22/92) CCG-1

====================================================================

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

MARINA WEIS,                          )
                                      )    No.        2008L002957
              Plaintiff               )               CALENDAR/ROOM   A
       -vs-                           )    Please serve defendant at 0 4 0 0
                                      )               Product Liability
DAVOL, INC. and C. R. BARD INC.       )    DAVOL, INC.
                                      )       c/o Chief Executive or Authorized Agent
                                      )       100 Sockanossett Crosswoad
                                      )       Cranston, Rhode Island    02920
              Defendants.             )

## SUMMONS

To each defendant:

        YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which
is hereto attached, or otherwise file appearance, in the office of the Clerk of this Court (located in the
Richard J. Daley Center, Room*    801         , Chicago, Illinois 60602) within 30 days after service of
this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY
BE ENTERED AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

To the officer:

    This summons must be returned by the officer or other person to whom it was given for service, with
endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be
returned so endorsed. This summons may not be served later than 30 days after its date.    MAR 17 2008

                                            WITNESS, _____, 20_____


                                            Clerk of Court

(Richard J. Rosenblum)
Name RUBIN, MACHADO & ROSENBLUM, LTD.          Date of service:_____, 20_____
Attorney for Plaintiff                         (To be inserted by officer on copy left with
Address 120 W. Madison St., Suite 400                  defendant or other person)
City Chicago, IL  60602
Telephone (312) 327-1840
Atty. No. 37704
**Service by Facsimile Transmission will be accepted at  (312) 327-1841    (Area Code) (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
*Law Division Room 801
Chancery-Divorce Room 802
County Division Room 801
Probate Division Room 1202

#07-173 EMR/RJR/cmb

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

MARINA WEIS,                              )
          Plaintiff             )
                                 )
-vs-                                      )    No.
                                 )
DAVOL, INC. and C. R. BARD INC.           )
                                 )
          Defendants.           )

2008L002957
CALENDAR/ROOM A
TIME 00:00
Product Liability

### COMPLAINT

### Parties

1.      Plaintiff, MARINA WEIS is a citizen and resident of the County of Cook, State of Illinois

2.      Defendant, DAVOL INC. ("DAVOL") is a corporation that is incorporated under the laws of the State of Rhode Island.  DAVOL has its principal place of business in the State of Rhode Island. It manufactures the Composix® Kugel Mesh Patches ("Composix Kugel Patch") at 100 Sockanosset Crossroad, Cranston, Rhode Island.  DAVOL has a registered agent in Rhode Island at CT Corporation System, 10 Weybosset St., Providence, Rhode Island.  DAVOL focuses its business on products in key surgical specialties, including hernia repair, hemostasis, orthopedics, and laparoscopy.

3.      Defendant, C. R. BARD INC. ("BARD") is a corporation that is incorporated under the laws of the State of New Jersey. It is the corporate parent/stockholder of DAVOL and participates in the manufacture and distribution of the Kugel Patch. It also manufactures and supplies DAVOL with material that forms part of the Kugel Patch. BARD at all times relevant did substantial and continuous business in the State of Rhode Island.

## Facts

4.      Defendant DAVOL designed, manufactured and distributed the Composix Kugel Patch, a hernia mesh patch that was inserted into MARINA WEIS' body.

5.      Defendant DAVOL, through its agents, servants and employees, participated in the manufacture and delivery of the Composix Kugel Patch that was inserted into MARINA WEIS' body.

6.      The Defendants submitted their 510k Application to the Federal Drug Administration (hereinafter referred to as the "FDA") on January 22, 2001. Following this 510k Application the Composix Kugel Patch was authorized by the FDA as a Class II medical device.

7.      Immediately after the Kugel Patches were placed on the market, DAVOL and BARD began receiving actual notices of memory ring failures and Kugel Patch defects. DAVOL and BARD actively and intentionally concealed this notice of the defective and unreasonably dangerous condition associated with the Kugel Patches from MARINA WEIS, Plaintiff's physicians, and the general public.

8.      After the defective and unreasonably dangerous Kugel Patch was placed on the market, Defendants DAVOL and BARD conducted physician screenings and reviews as early as 2002. An Establishment Inspection Report ("EIR") conducted by the FDA in 2006 found that the post market survey validation process of the device was incomplete and failed to include all the data from the physicians surveyed during this time. Whether intentionally or negligently, BARD and DAVOL failed to properly conduct and monitor their own post market design validation physician surveys including those which demonstrated unfavorable or "dissatisfied" results. These complaints and concerns of the physician surveyors were actively concealed by DAVOL and BARD from MARINA WEIS, Plaintiff's surgeons, and the public at large.

9.     On January 21, 2005, MARINA WEIS had an incisional hernia repair with a Bard Composix Kugel Hernia Patch, Large Oval, Lot 43HOD492 ("Composix Kugel Patch") at Northwestern Memorial Hospital, Chicago, Illinois.

10.     The Composix Kugel Patch hernia repair product implanted in MARINA WEIS was designed, manufactured, sold and distributed by DAVOL to be used by surgeons for hernia repair surgeries and was further represented by DAVOL to be an appropriate, cost-effective and suitable product for such purpose.

11.     No later than September 2004, Defendants uncovered serious problems with the weld process involving the memory recoil ring.  Despite attempts to correct the problem at the plant, BARD and DAVOL found the corrective measures to be ineffective and the process still not in control.  DAVOL and BARD were aware these weld issues had existed from the time the Kugel Patches were originally placed on the market and all current lots suffered from this dangerous defect.  This information was intentionally withheld at this time from MARINA WEIS, Plaintiff's physicians, the FDA, and all other individuals who had been implanted or would be implanted with Kugel Patches using the memory recoil ring.

12.     During the 2006 EIR, corporate executives informed the FDA that the spring and summer period of 2005 showed a marked increase in the number of complaints with the Kugel Patch and the memory recoil ring.  In spite of their knowledge of increasing complaints and complications, DAVOL and BARD waited until August 30, 2005 to initiate a partial Kugel Patch distribution hold.  DAVOL and BARD actively and intentionally chose not to immediately inform MARINA WEIS, Plaintiff's physicians, the FDA, and all other individuals who had been implanted or would be implanted with Kugel Patches using the memory recoil ring. DAVOL and BARD waited until December 2005 to notify the public of the potential severity of the

3

complications which were resulting from the dangerous and defective Kugel Patches and have since admitted that the product quality hold and release procedure was not applied on a timely basis.

13.    An FDA Class 1 recall is issued for problems related to medical devices that are potentially life-threatening or could cause a serious risk to the health of the patients implanted with the devices.

14.    On December 22, 2005, DAVOL recalled many sizes of Composix Kugel Patches under a Class 1 recall notice.

15.    The Composix Kugel Patch was recalled due to a faulty "memory recoil ring" that can break under pressure. Incidents of ring migration, intestinal fistulae, bowel perforation and even death have been reported.

16.    The FDA conducted the aforementioned EIR investigations in January and February of 2006.  The results of these investigations determined, among other things, that BARD and DAVOL:

      i.    had excluded ring failure events which should have been included from their complication database, reports, and recall notices;

      ii.    misidentified numerous Kugel Patch complication events;

      iii.    failed to apply the product quality hold and release procedure on a timely basis;

      iv.    failed to properly follow the procedures for conducting design validation review;

      v.    failed to identify all the actions necessary to correct and prevent the recurrence of further ring break and Kugel Patch complications; specifically, they provided no justification for including only the Extra Large Kugel Patch sizes in the December 2005 recall;

      vi.    failed to provide full information which they knew regarding numerous Kugel Patch complaints;

      vii.    failed to actually perform strength testing on memory recoil rings for all sizes of Kugel patch before putting them into the stream of commerce;

      viii.    failed to maintain appropriate sources for quality data to identify, track, and trend existing and potential causes for the ring failures and Kugel Patch complaints resulting in numerous inconsistencies and errors in the

4

raw data and from the actual complaints and what was placed in the electronic databases.

17.    On March 24, 2006, the initial Class I recall on the Composix Kugel Patch was expanded to include several more sizes of the patch and numerous additional lots of the defective hernia mesh product.

18.    On January 10, 2007, the existing recall on the Composix Kugel Patch was again expanded to encompass further production lots of the defective hernia mesh product.

19.    Plaintiff was never informed by Defendants of the defective, dangerous, and recalled nature of the Kugel Patch and memory recoil ring which had been implanted until well after discovering of Bard's and Davol's FDA recall of the product.

20.    Neither MARINA WEIS nor Plaintiff's physicians were aware of the defective and dangerous condition of the Kugel Patch or that this unreasonably defective condition was the cause of MARINA WEIS' injuries until some time after BARD and DAVOL chose to finally inform the general public of the defective nature of the Kugel Patches and the subsequent recalls.

21.    Following the January 21, 2005, MARINA WEIS continued to experience abdominal pain.

22.    On or about November, 2006, MARINA WEIS underwent a CT scan at Silver Cross Hospital in Joliet, Illinois which revealed that the hernia repair had failed.

23.    Thereafter, MARINA WEIS embarked on a course of medical care which resulted in the decision to remove the Composix Kugel Patch.

24.    On January 10, 2008, MARINA WEIS underwent surgery to remove the Composix Kugel Patch by Dr. Paul Guske at Alexian Brothers Medical Center in Hoffman Estates, Illinois.

25.    At the time of the surgery the Composix Kugel Patch was found to have failed and was removed.

26.    MARINA WEIS has suffered and will continue to suffer physical pain and mental anguish as a result of the failure of the Composix Kugel Patch.

27.    MARINA WEIS has incurred substantial medical bills and MARINA WEIS has suffered loss of other monies as a result of the failure of the Composix Kugel Patch.

28.    DAVOL and BARD withdrew a large number of Composix Kugel Patches as a result of the high complication and failure rate of the product.

29.    Upon information and belief DAVOL and BARD failed to comply with the FDA application and reporting requirements.

30.    Upon information and belief DAVOL and BARD were aware of the high degree of complication and failure rate associated with their Composix Kugel Patch before it was recalled.

31.    Upon information and belief, DAVOL and BARD were aware of the defect in manufacture and design prior to the recall of their Kugel Patch.

32.    Upon information and belief, the complications and failures associated with the Composix Kugel Patches are not limited to the sizes which DAVOL and BARD has already recalled.

33.    Upon information and belief, DAVOL and BARD were aware of the defect in manufacture and design of the non-recalled Kugel Composix Patch sizes and chose not to issue a recall on all Kugel Composix Patches in the face of the high degree of complication and failure rates.

**COUNT I**
**Negligence**

34.     MARINA WEIS re-alleges and incorporates by reference each and every

allegation contained in the preceding paragraphs as though fully set forth herein.

35.     Defendants DAVOL and BARD were negligent to MARINA WEIS in the

following respects:

      i.     failed to apply the product quality hold and release procedure on a timely
           basis;

     ii.     failed to properly follow the procedures for conducting design validation
           review;

    iii.     failed to identify all the actions necessary to correct and prevent the
           recurrence of further ring break and Kugel Patch complications;

    iv.     failed to provide full information which they knew regarding numerous
           Kugel Patch complaints;

     v.     failed to actually perform strength testing on memory recoil rings for all
           sizes of Kugel patch before putting them into the stream of commerce;

    vi.     failed to maintain appropriate sources for quality data to identify, track,
           and trend existing and potential causes for the ring failures and Kugel
           Patch complaints resulting in numerous inconsistencies and errors in the
           raw data and from the actual complaints and what was placed in the
           electronic databases.

36.     DAVOL and BARD at all times mentioned had a duty to properly manufacture,

test, inspect, package, label, distribute, market, examine, maintain, supply, provide proper

warnings and prepare for use the Composix Kugel Patch.

37.     DAVOL and BARD at all times mentioned knew or in the exercise of reasonable

care should have known, that the Composix Kugel Patches were of such a nature that they were

not properly manufactured, tested, inspected, packaged, labeled, distributed, marketed,

examined, sold supplied, prepared and/or provided with the proper warnings, and were

unreasonably likely to injure the Composix Kugel Patch's users.

38.     DAVOL and BARD so negligently and carelessly designed, manufactured, tested,

failed to test, inspected, failed to inspect, packaged, labeled, distributed, recommended, displayed, sold, examined, failed to examine and supplied the Composix Kugel Patch, that they were dangerous and unsafe for the use and purpose for which it was intended.

39.    DAVOL and BARD were aware of the probable consequences of the Composix Kugel Patch. DAVOL and BARD knew or should have known the Composix Kugel Patch would cause serious injury; they failed to disclose the known or knowable risks associated with the Composix Kugel Patch. DAVOL and BARD willfully and deliberately failed to avoid those consequences, and in doing so, DAVOL and BARD acted in conscious disregard of the safety of MARINA WEIS.

40.    Defendants DAVOL and BARD owed a duty to MARINA WEIS to adequately warn her and her treating physicians, of the risks of breakage, separation, tearing and splitting associated with the Composix Kugel Patch and the resulting harm and risk it would cause patients.

41.    Defendants DAVOL and BARD breached their duty by failing to comply with state and federal regulations concerning the study, testing, design, development, manufacture, inspection, production, advertisement, marketing, promotion, distribution, and/or sale of the Composix Kugel Patch.

42.    As a direct and proximate result of the duties breached, the Composix Kugel Patch used in MARINA WEIS' hernia repair surgery failed, resulting in MARINA WEIS suffering pain and harm.

43.    As a direct and proximate result of DAVOL's and BARD's negligence, MARINA WEIS has suffered injuries and damages.

44.    DAVOL's and BARD's conduct in continuing to market, sell and distribute the

Composix Kugel Patch after obtaining knowledge they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter DAVOL, BARD and others from similar conduct in the future.

**Wherefore,** MARINA WEIS requests a judgment against DAVOL and BARD for damages in excess of $50,000 and for other such relief this Court deems just and appropriate.

## COUNT II
### Strict Product Liability

45.    MARINA WEIS re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

46.    Defendants DAVOL and BARD are strictly liable to MARINA WEIS in the following respects:

      i.      failed to apply the product quality hold and release procedure on a timely basis;

      ii.      failed to properly follow the procedures for conducting design validation review;

      iii.      failed to identify all the actions necessary to correct and prevent the recurrence of further ring break and Kugel Patch complications;

      iv.      failed to provide full information which they knew regarding numerous Kugel Patch complaints;

      v.      failed to actually perform strength testing on memory recoil rings for all sizes of Kugel patch before putting them into the stream of commerce;

      vi.      failed to maintain appropriate sources for quality data to identify, track, and trend existing and potential causes for the ring failures and Kugel Patch complaints resulting in numerous inconsistencies and errors in the raw data and from the actual complaints and what was placed in the electronic databases.

47.    DAVOL and BARD designed, manufactured, assembled, distributed, conveyed and/or sold the Kugel Patch for hernia repair surgery.

48.    The Composix Kugel Patches subject to the Class I recall were defective because they failed to perform safely and effectively for the purpose they were originally designed. MARINA WEIS's Composix Kugel Patch was a Class I recalled device that failed while in her body causing her to develop serious physical complications which required subsequent, painful and unnecessary removal surgery of her Composix Kugel Patch.

49.    At all times mentioned, the Composix Kugel Patch was substantially in the same condition as when it left the possession of DAVOL.

50.    The Composix Kugel Patch implanted into MARINA WEIS was being used in a manner reasonably anticipated at the time it was implanted in him by her surgeon.

51.    The Composix Kugel Patches, like the one found in MARINA WEIS, at the time they left the possession of DAVOL and BARD were inherently dangerous for their intended use and were unreasonably dangerous products which presented and constituted an unreasonable risk of danger and injury to MARINA WEIS as follows:

     i. The Composix Kugel Patch was sold in a defective condition by design and manufacture;

     ii. The Composix Kugel Patch as designed and manufactured was unsafe to MARINA WEIS;

     iii. The Composix Kugel Patch as designed and manufactured was unreasonably dangerous to MARINA WEIS;

     iv. The Composix Kugel Patch did not perform safely as an ordinary consumer/patient, like MARINA WEIS, would expect;

     v. The Composix Kugel Patch as designed and manufactured was unsafe for its intended use;

     vi. DAVOL and BARD failed to warn the end user about the dangers and risks of the product;

     vii. DAVOL and BARD knew the component parts of the Composix Kugel Patch as implemented through design and/or manufacture could cause injury to the end user;

     viii. Failing to implement an adequate, safe and effective "memory recoil ring" and/or its interaction with the mesh of the Composix Kugel Patch to withstand the foreseeable stresses they would be subject to within the intra-abdominal space;

ix. Failing to avoid migration of the Composix Kugel Patch and/or its components from the initial site of the hernia repair surgery.

x. Any other acts or failures to act by DAVOL or BARD regarding the studying, testing, designing, developing, manufacturing, inspecting, producing, advertising, marketing, promoting, distributing, and/or sale of Composix Kugel Patches for hernia repair surgery as will be learned during discovery.

52.    DAVOL's and BARD's conduct in continuing to market, sell and distribute the Composix Kugel Patch after obtaining knowledge they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter DAVOL, BARD and others from similar conduct in the future.

**Wherefore**, MARINA WEIS requests a judgment against DAVOL and BARD for damages in excess of $50,000 and for other such relief this Court deems just and appropriate.

### COUNT III
**Negligent Infliction of Emotional Distress**

53.    MARINA WEIS re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

54.    Defendants DAVOL and BARD are liable to MARINA WEIS for the negligent infliction of emotional distress in the following respect:

i. failed to apply the product quality hold and release procedure on a timely basis;

ii. failed to properly follow the procedures for conducting design validation review;

iii. failed to identify all the actions necessary to correct and prevent the recurrence of further ring break and Kugel Patch complications;

iv. failed to provide full information which they knew regarding numerous Kugel Patch complaints;

v. failed to actually perform strength testing on memory recoil rings for all sizes of Kugel patch before putting them into the stream of commerce;

vi. failed to maintain appropriate sources for quality data to identify, track, and trend existing and potential causes for the ring failures and Kugel Patch complaints resulting in numerous inconsistencies and errors in the

raw data and from the actual complaints and what was placed in the electronic databases.

55.    MARINA WEIS suffered severe emotional distress, which was as a result of Defendant's negligent conduct in studying, designing, developing, testing, inspecting, manufacturing, producing, advertising, marketing, promoting, distributing, and/or selling of the Composix Kugel Patch for hernia repair surgery.

56.    MARINA WEIS suffered severe emotional distress, which was as a result of DAVOL's and BARD's negligent conduct in failing to adequately and safely design and construct an effective and safe Composix Kugel Patch for hernia repair surgery.

57.    Therefore, DAVOL and BARD are liable to MARINA WEIS.

58.    DAVOL's and BARD's conduct in continuing to market, sell and distribute the Composix Kugel Patch after obtaining knowledge they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter DAVOL, BARD and others from similar conduct in the future.

**Wherefore**, MARINA WEIS requests a judgment against DAVOL and BARD for damages in excess of $50,000 and for other such relief this Court deems just and appropriate.

## COUNT IV
### Intentional Infliction of Emotional Distress

59.    MARINA WEIS re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

60.    Defendants DAVOL and BARD are liable to MARINA WEIS for the intentional infliction of emotional distress in the following respect:

i.    failed to apply the product quality hold and release procedure on a timely basis;

ii.   failed to properly follow the procedures for conducting design validation review;

iii.  failed to identify all the actions necessary to correct and prevent the recurrence of further ring break and Kugel Patch complications;

iv.  failed to provide full information which they knew regarding numerous Kugel Patch complaints;

v.   failed to actually perform strength testing on memory recoil rings for all sizes of Kugel patch before putting them into the stream of commerce;

vi.  failed to maintain appropriate sources for quality data to identify, track, and trend existing and potential causes for the ring failures and Kugel Patch complaints resulting in numerous inconsistencies and errors in the raw data and from the actual complaints and what was placed in the electronic databases.

61.     MARINA WEIS suffered severe emotional distress, which was as a result of DAVOL's and BARD's extreme outrageous, intentional, willful, and reckless conduct in studying, designing, developing, testing, inspecting, manufacturing, producing, advertising, marketing, promoting, distributing, and/or sale of the Composix Kugel Patch for hernia repair surgery.

62.     MARINA WEIS suffered severe emotional distress, which was as a result of DAVOL's and BARD's extreme outrageous, intentional, willful, and reckless conduct in failing to adequately and safely design and construct an effective and safe Composix Kugel Patch for hernia repair surgery, in complete and reckless disregard of safety to MARINA WEIS.

63.     Therefore, DAVOL and BARD are liable to MARINA WEIS.

64.     DAVOL's and BARD's conduct in continuing to market, sell and distribute the Composix Kugel Patch after obtaining knowledge they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter DAVOL, BARD and others from similar conduct in the future.

**Wherefore,** MARINA WEIS requests a judgment against DAVOL and BARD for damages in excess of $50,000 and for other such relief this Court deems just and appropriate.

## COUNT V
### Breach of Implied Warranty

65.     MARINA WEIS re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

66.     Defendants DAVOL and BARD are liable to MARINA WEIS for their breach of implied warranty in the following respect:

67.     DAVOL and BARD sold the Kugel Patch which was implanted in MARINA WEIS. DAVOL and BARD impliedly warranted to MARINA WEIS, her physicians and health care providers, that the Composix Kugel Patch was of merchantable quality and safe for the use for which they were intended.

68.     DAVOL and BARD knew or should have known that the Composix Kugel Patch at the time of sale was intended to be used for the purpose of surgically implanting them into the body for hernia repair.

69.     MARINA WEIS, her physicians and health care providers reasonably relied on DAVOL's and BARD's judgment, indications and statements that the Composix Kugel Patch was fit for such use.

70.     When the Composix Kugel Patches were distributed into the stream of commerce and sold by DAVOL and BARD, they were unsafe for their intended use, and not of merchantable quality, as warranted by DAVOL and BARD in that they had very dangerous propensities when used as intended and implanted into a patient's body where they could cause serious injury of harm or death to the end user.

71.     MARINA WEIS suffered such injuries and damages as a result of DAVOL and

BARD's conduct and actions.

**Wherefore,** MARINA WEIS requests a judgment against DAVOL and BARD for damages in excess of $50,000 and for other such relief this Court deems just and appropriate.

## COUNT VI
### Failure to Warn

72.    MARINA WEIS re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

73.    In the course of business, DAVOL and BARD designed, manufactured and sold the Composix Kugel Patch to Saint Elizabeth Regional Medical Center for hernia repair surgeries.

74.    At the time of the design, manufacture and sale of the Composix Kugel Patch, and more specifically at the time MARINA WEIS received the Composix Kugel Patch, they were defective and unreasonably dangerous when put to their intended and reasonably anticipated use. Further the Composix Kugel Patches were not accompanied by proper warnings regarding significant adverse consequences associated with the Composix Kugel Patch.

75.    BARD and DAVOL failed to provide any warnings, labels or instructions of its dangerous propensities that were known or reasonably scientifically knowable at the time of distribution. The reasonably foreseeable use of the products involved significant dangers not readily obvious to the ordinary user of the products. BARD and DAVOL failed to warn of the known or knowable injuries associated with malfunction of the Composix Kugel Patch, including but not limited to rupture of the Patch and severe peritonitis and infection which would require subsequent surgical procedures and could result in severe injuries.

76.    The dangerous and defective conditions in the Composix Kugel Patches existed at the time they were delivered by the manufacturer to the distributor. At the time MARINA WEIS

had her hernia repair surgery the Composix Kugel Patch was in the same condition as when manufactured, distributed and sold.

77.    MARINA WEIS did not know at the time of use of the Composix Kugel Patch, not at any time prior thereto, of the existence of the defects in the Patches.

78.    MARINA WEIS suffered the aforementioned injuries and damages as a direct result of DAVOL and BARD's failure to warn.

79.    The conduct of BARD and DAVOL in continuing to market, promote, sell and distribute the Composix Kugel Patch after obtaining knowledge that the products were failing and not performing as represented and intended, showed a complete indifference to or conscious disregard for the safety of others.

**Wherefore**, MARINA WEIS requests a judgment against DAVOL and BARD for damages in excess of $50,000 and for other such relief this Court deems just and appropriate.

**COUNT VII**
**Fraud**

80.    MARINA WEIS re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

81.    In the course of business, DAVOL and BARD designed, manufactured and sold the Composix Kugel Patch for hernia repair surgeries.

82.    At the time of the design, manufacture and sale of the Composix Kugel Patch, and more specifically at the time MARINA WEIS received the Composix Kugel Patch, they were defective and unreasonably dangerous when put to their intended and reasonably anticipated use. Further the Composix Kugel Patches were not accompanied by proper warnings regarding significant adverse consequences associated with the Composix Kugel Patch.

83.    BARD and DAVOL was aware of the dangerous and defective condition of the products and intentionally withheld this information from MARINA WEIS, Plaintiff's physicians, and the general public even though these significant dangers were not readily obvious to the ordinary user of the products, even after a post surgical complication had arisen.

84.    BARD and DAVOL fraudulently presented to MARINA WEIS, Plaintiff's physicians, and the general public that the Kugel Patch was a safe and effective product while they were fully aware that the dangerous and defective nature of the Kugel could and would cause injuries such as those suffered by Plaintiff.

85.    MARINA WEIS and Plaintiff's physicians relied upon the fraudulent misrepresentations and concealments of Defendants and allowed for the defective Kugel Patch to be implanted.

86.    As a direct and proximate result of MARINA WEIS' reliance on BARD's and DAVOL's fraudulent misrepresentations and concealments, MARINA WEIS was seriously and permanently injured.

87.    The conduct of BARD and DAVOL in continuing to fraudulently market, promote, sell and distribute the Composix Kugel Patch while fraudulently concealing knowledge that the products were failing and not performing as represented and intended, showed a complete indifference to or conscious disregard for the safety of others.

**Wherefore**, MARINA WEIS requests a judgment against DAVOL and BARD for damages in excess of $50,000 and for other such relief this Court deems just and appropriate.

Respectfully submitted,

By: Richard J. Rosenblum
RUBIN, MACHADO & ROSENBLUM, LTD.
Attorneys for Plaintiff
MARINA WEIS
120 W. Madison St. - Suite 400
Chicago, Illinois 60602
(312) 327-1840
Firm No. 37704

#07-173 EMR/RJR/cmb

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| MARINA WEIS, | ) |
|       Plaintiff | ) |
| | ) |
| -vs- | )  No. |
| | ) |
| DAVOL, INC. and C. R. BARD INC. | ) |
| | ) |
|       Defendants. | ) |

**AFFIDAVIT PURSUANT TO SUPREME COURT RULE 222(B)**

Pursuant to Supreme Court Rule 222(B), counsel for the above named plaintiff certifies that plaintiff seeks money damages in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00).

Respectfully submitted,

By: Richard J. Rosenblum
RUBIN, MACHADO & ROSENBLUM, LTD.
Attorneys for Plaintiff
MARINA WEIS
120 W. Madison St., Suite 400
Chicago, Illinois  60602
(312) 327-1840
Firm No. 37704

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| MARINA WEIS, | ) | |
| | ) | |
| Plaintiff | ) | No.:2008 L 002957 |
| | ) | |
| vs. | ) | 08CV2240  NF |
| | ) | JUDGE CONLON |
| DAVOL INC. and C. R. BARD, INC., | ) | MAGISTRATE JUDGE SCHENKIER |
| | ) | |
| Defendants | ) | |

### NOTICE OF REMOVAL TO THE UNITED STATES
### DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

**TO:**    Richard J. Rosenblum, Esq.
RUBIN, MACHADO & ROSENBLUM, LTD.
120 W. Madison Street, Suite 400
Chicago, IL  60602
(312) 327-1840

PLEASE TAKE NOTICE that this action has been removed to the United States District Court for the Northern District of Illinois ("District Court") by the filing of the attached Notice of Removal with the Clerk of the District Court on April 18, 2008.  A copy of this notice is on file with the District Court.  The Circuit Court of Cook County, Illinois may not proceed further unless or until this case is remanded.



EXHIBIT
B

Respectfully submitted,

Dated:  April 18, 2008

SEGAL MCCAMBRIDGE SINGER & MAHONEY

BY:  _____

P. Mark Crane
Misty R. Martin
SEGAL MCCAMBRIDGE SINGER & MAHONEY, LTD
Sears Tower, Suite 5500
233 S. Wacker Drive
Chicago, IL  60606
312.645.7800 (t)
312.645.7711 (f)

*ATTORNEYS FOR DEFENDANT DAVOL INC.
AND DEFENDANT C.R. BARD, INC.*

## PROOF OF SERVICE BY MAIL

I, the undersigned, being first duly sworn on oath, depose and state that a copy(ies) of NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISCTRIC OF ILLINOIS was served on the party(ies) as above-addressed, by enclosing a copy(ies) of the same in an envelope, sealed, postage prepaid and deposited in the U.S. Mail at Sears Tower, 233 S. Wacker Dr., Suite 5500, Chicago, IL 60606, to the following counsel of record this 18th day of April, 2008.

_____

Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth are true and correct.

2

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| MARINA WEIS, | ) | |
| | ) | |
| Plaintiff, | ) | 08CV2240 NF |
| | ) | JUDGE CONLON |
| vs. | ) | Case No.: <u>MAGISTRATE</u> JUDGE SCHENKIER |
| | ) | |
| DAVOL INC. and C.R. BARD, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### <u>AFFIDAVIT OF MISTY R. MARTIN, ESQ.</u>

I, Misty R. Martin, under oath depose and state that if called to testify I shall testify to the facts stated herein based on my personal knowledge:

1.    I am an attorney representing the Defendants, Davol Inc. and C.R. Bard, Inc. in the above captioned matter.

2.    On April 17, 2008, I had a telephone conversation with Plaintiff's counsel, Richard Rosenblum.  During that conversation, Plaintiff's counsel stipulated that he was seeking more than $75,000.00 in damages, exclusive of costs, for the alleged injuries sustained by the Plaintiff as a result of the events described her Complaint.  Plaintiff's counsel further represented that Ms. Weis is a resident of Illinois.

_____
Misty R. Martin

Subscribed and sworn to before
me this  18th  day of ~~March,~~ April, 2008. _____

_____
Notary Public

OFFICIAL SEAL
TERI M GRECO
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:08/29/11

**EXHIBIT**

C